United States District Court
Southern District of Texas
**ENTERED**
February 16, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE  ROMERO, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 4:15-CV-00790 |
| | § | |
| J&F ANALYSTS INC; dba THE | § | |
| BREAKFAST PLACE, *et al*, | § | |
| | § | |
| Defendants. | § | |

## OPINION & ORDER

Pending before the Court in the above-referenced cause is Plaintiffs' Motion for Conditional Certification as Collective Actions Under the FLSA. (Doc. 12.) Defendants have filed a Response (Doc. 13) and Plaintiffs filed a Reply (Doc. 14). Having examined the motion, response, reply, and relevant law, the Court is of the opinion that Plaintiffs should be granted twenty (20) days to show there are other plaintiffs willing to opt in to the action before ruling on the Motion.

## I. BACKGROUND

Defendants J&F Analysts, Inc., John Irwin, Sr., Debra Irwin, and John Irwin, Jr. (collectively "Defendants") own and operate two restaurants in the Woodlands known as "The Breakfast Place."[1] (Docs. 12 at 9, 13 at 5.) For the purposes of this litigation, one location has been designated as the "Kuykendahl location" and the other as the "Woodlands location." (*See* Doc. 13.) Alleging violations of the Fair Labor Standards Act ("FLSA"), Defendants' former employee, Plaintiff Jose Romero ("Jose" or "Mr. Romero"), instituted this lawsuit against Defendants on March 26, 2015. (Doc. 1.) On March 30, 2015, another of Defendants' former

---

[1] A third location of The Breakfast Place is in the process of being opened in Atascocita (Doc. 12 at 9), but its operations are not at issue in this case.

employees—and Jose's daughter—Plaintiff Ximena Romero ("Ximena"), joined this action asserting independent FLSA-violation claims. (Doc. 4.)

Specifically, Jose alleges that Defendants began violating the FLSA in or about August 2011 by not paying their cooks for the overtime hours they worked. (*Id.* at ¶ 2.) According to Jose, he and the other cooks were non-salaried employees performing non-exempt duties, and were, therefore, entitled to the FLSA's overtime protections. (*Id.* at ¶ 32.) Jose states that there are approximately 10–20 other cooks who have worked for Defendants over the past three years without receiving overtime pay. (Doc. 12-1 at 16.)

For her part, Ximena alleges that Defendants also violated the FLSA by requiring illegal deductions from its tipped employees' wages. (Doc. 4 at ¶ 3.) She argues that because she and the other food servers were only paid $2.13 per hour and subject to a mandatory "tip pool" in which they had to "tip out" Defendants for "maintenance expenses," Defendants violated the FLSA's minimum-wage requirements. (*Id.* at ¶ 38–42.) According to Ximena, there are approximately 50–75 other food servers who were subject to the illegal tip out. (Doc. 12-1 at 19.)

Plaintiffs now seek to have this Court conditionally certify their proposed classes for collective action under FLSA, to issue court-approved notice to all potential class members, and to compel Defendants to produce the full names, last known addresses, and last known email addresses of all potential class members. (Doc. 12.) The two proposed classes include all current and former (1) cooks and (2) food servers who have worked for Defendants in the last three years. (Doc. 4 at ¶¶ 4–5.) In support of their motion, Plaintiffs provide their individual affidavits and various other exhibits, but include no names, affidavits, or opt-in notices from other potential plaintiffs. (*See* Doc. 12.)

## II. LEGAL STANDARD

Section 216(b) of the FLSA creates a cause of action for employees against employers.

29 U.S.C. § 216(b). Section 216(b) provides:

> An action . . . may be maintained against any employer . . . by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

*Id.* In light of this language, the Fifth Circuit has distinguished a section 216(b) action from a Rule 23 class action, noting that unlike a class action's opt-out procedure, 216(b) establishes an opt-in scheme under which plaintiffs must affirmatively notify the court of their intention to become parties to the suit. *Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1212 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). District courts have the discretion to implement 216(b)'s opt-in procedure by facilitating notice to potential plaintiffs. *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800 (S.D. Tex. 2010) (citing *Hoffmann–La Roche Inc. v. Sperling,* 493 U.S. 165, 170 (1989); *Villatoro v. Kim Son Rest., L.P.*, 286 F. Supp. 2d 807, 808 (S.D. Tex. 2003) (same). "[N]otice should be 'timely, accurate, and informative.' " *Villatoro*, 286 F. Supp. 2d at 809 (quoting *Hoffman-La Roche*, 493 U.S. at 172).

Courts recognize two methods to determine whether to authorize notice to similarly situated employees advising them of their right to join an FLSA collective action: (1) the two-step *Lusardi* approach, and (2) the class action-based *Shushan* approach. *McKnight*, 756 F. Supp. 2d at 800 (citing *Lusardi v. Xerox Corp.,* 118 F.R.D. 351 (D.N.J. 1987); *Shushan v. Univ. of Colo. at Boulder,* 132 F.R.D. 263 (D. Colo. 1990)). The Fifth Circuit has not determined which method is more appropriate. *Mooney*, 54 F.3d at 1216. However, most courts, including those in this district, use the *Lusardi* approach. *Heeg v. Adams Harris, Inc.*, 907 F. Supp. 2d 856, 860–61

(S.D. Tex. 2012) (citing *Aguirre v. SBC Commc'ns, Inc.,* 2006 WL 964554, at *4 (S.D. Tex. April 11, 2006)); *McKnight*, 756 F. Supp. 2d at 800–01 (collecting cases).

The *Lusardi* approach has two steps: the "notice stage" and the "decertification stage." *Mooney*, 54 F.3d at 1216. At the notice stage, the district court "determines whether the putative class members' claims are sufficiently similar to merit sending notice of the action to possible members of the class." *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 519 (5th Cir. 2010) (citing *Mooney*, 54 F.3d at 1213–14). "Because the court has minimal evidence, the court makes this determination using a fairly lenient standard, and typically results in 'conditional certification' of the representative class." *Mooney*, 54 F.3d at 1214. If the court finds that the putative class members were similarly situated under this analysis, then conditional certification is warranted and the plaintiff is given the opportunity to send notice to potential class members. *Id.*

Once plaintiffs have opted in and discovery is complete, the court and defendant have more information on the case. *Id.* At this point, the defendant may then file a decertification motion—triggering the second stage of the *Lusardi* approach. *Id.* The court then makes a final determination as to whether the class members are similarly situated, allowing the representative action to proceed to trial or decertifying the class. *Id.* If the class is decertified, the opt-in plaintiffs are dismissed without prejudice while the original plaintiffs proceed to trial on their individual claims. *Id.*

The present case is at the "notice stage" of the *Lusardi* analysis. Because the standard at this stage is lenient, the plaintiff need only make a minimum showing to guide the court's determination whether to issue notice to potential class members. *Id.* This lenient standard requires only "substantial allegations that the putative class members were together the victims

of a single decision, policy, or plan." *Id.* at 1214 n.8 (internal citation and citation marks omitted). A court will customarily make its decision "based only on the pleadings and any affidavits which have been submitted." *Id.* at 1213–14. Generally, to meet this burden, a plaintiff must show (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in. *Vasquez v. Am. Bor-Trench, Inc.*, 4:12-CV-3181, 2014 WL 297414, at *3 (S.D. Tex. Jan. 23, 2014) (internal citations and citation marks omitted). In evaluating these elements, courts consider factors such as whether potential plaintiffs were identified, whether affidavits of potential plaintiffs were submitted, and whether evidence of a widespread discriminatory plan was submitted. *Velazquez v. FPS LP*, 4:13-CV-1563, 2014 WL 3843639, at *4 (S.D. Tex. Aug. 4, 2014) (internal citations and citation marks omitted).

### III. ANALYSIS[2]

Plaintiffs' motion includes a subheading that reads: "Others Will Likely Want To Join The Lawsuit." (Doc. 12 at 18–19.) However, the argument within this subheading makes no mention of anyone other than Plaintiffs. In fact, the majority of this section is simply devoted to arguing that satisfying the third element is unnecessary to prevail on a motion to conditionally certify and simply parrots the language and reasoning of those courts that have expressly rejected this element. (*See* Doc. 12 at 18–19.) Plaintiffs then conclude:

> Moreover, this action was initially filed by only Jose Romero. (Docket No. 1.)
> After she learned that Mr. Romero was suing Defendants for unpaid overtime,

---

[2] Plaintiffs' showing with regard to the third element of the aforementioned analysis—whether there are other similarly situated individuals who want to opt in to the lawsuit—is dispositive to the Court's decision in this order. Therefore, only this portion of the parties' arguments will be discussed herein.

> Ximena decided to consult with his legal counsel concerning how she was paid by Defendants, and then joined this case after it had already been filed. Ex. 6, ¶ 9. Accordingly, Plaintiffs have presented evidence that other class members will likely join this suit once they learn of it through court-authorized Notice.

(*Id.* at 19.)

First, Plaintiffs misunderstand this Court's stance on the third element (i.e., evidence that other individuals want to join the lawsuit). Plaintiffs are correct to note that this Court has acknowledged a split among the district courts as to whether the third element is required to obtain certification. *See Velazquez*, 2014 WL 3843639, at *4 n.4. However, in the absence of a Fifth-Circuit directive otherwise, this Court has consistently required a showing of all three elements. *See, e.g.*, *Id.* at *5 ("In addition, it is clear from the record that other individuals, particularly those who may have initially withdrawn under pressure, wish to join the suit."); *Vasquez*, 2014 WL 297414, at *3 ("the Court looks to see if Vasquez has sustained his burden to show that aggrieved individuals exist, are similarly situated to him, and wish to opt in to the lawsuit."); *Chin Chiu Mak v. Osaka Japanese Rest., Inc.*, 4:12-CV-3409, 2014 WL 222537, at *3 (S.D. Tex. Jan. 21, 2014) ("Since Mak filed his motion for certification, one former employee, Chen Wang . . . has filed Notice of Consent to opt in to the lawsuit. . . . This is sufficient evidence to provide a reasonable basis for crediting the assertion that aggrieved individuals are similarly situated to Mak and they wish to join the action."); *Kwong v. Osaka Japanese Rest. Inc.*, 4:12-CV-3423, 2014 WL 198493, at *4 (S.D. Tex. Jan. 15, 2014) ("Since Kwong filed her motion for certification, three individuals filed Notices of Consent, demonstrating that similarly situated individuals want to opt in to the lawsuit."); *Shanks v. Carrizo Oil & Gas, Inc.*, 4:12-CV-3355, 2013 WL 6564636, at *5 (S.D. Tex. Dec. 11, 2013) ("Shanks has not identified any other potential plaintiffs . . . . All Shanks has done to satisfy his burden at the notice stage is to submit a conclusory declaration with unsupported allegations."). Second, the Court disagrees with

Plaintiffs that Jose's daughter's joining the suit at the very early stages of litigation is sufficient to meet Plaintiffs' burden to present evidence that other similarly situated plaintiffs want to join the suit. Ximena and Jose are proposing—and standing in as the lead plaintiffs for—two separate classes. Ximena is in no way "similarly situated" to Jose. Accordingly, her joining the lawsuit does not provide evidence of other similarly situated plaintiffs that want to opt in to either proposed class.

Plaintiffs' argument that other individuals would want to opt in is supported only by conclusory statements in their affidavits that there are other individuals with the same jobs who were subjected to the same alleged treatment.[3] (*See* Doc. 12-1 at 14–16, 18–19.)  No potential plaintiffs are identified by name, no affidavits by these co-workers were submitted, and there is not even a statement in Plaintiffs' affidavits that they believe such individuals would be interested in joining the lawsuit. Under the record here, the Court cannot conclude that Plaintiffs have satisfied their burden to show that other similarly situated plaintiffs want to opt in. However, in the interest of efficiency, rather than denying the motion outright and requiring Plaintiffs to refile a (nearly inevitable) subsequent motion to certify, the Court will allow Plaintiffs an opportunity to correct this deficiency before ruling on the pending motion. If they cannot do so, they may still proceed with this suit individually rather than in a collective action.

## IV. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED** that Plaintiffs shall have twenty (20) days to cure the noted deficiency by

---

[3] Jose avers: "I estimate that I am one of approximately 10–20 other cooks who have worked for Defendants over the past three years without receiving overtime pay." (Doc. 12-1 at 16). Ximena likewise states: "I estimate that I am one of approximately 50–75 other food servers who have worked for Defendants over the past three years without receiving the regular minimum wage of $7.25 per hour." (*Id.* at 19.)

presenting evidence that at least a few other plaintiffs from each proposed class want to join this suit.

SIGNED at Houston, Texas, this 16th day of February, 2016.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE